CAVANAUGH, Respondent, vs. MORTON SALT COMPANY, Appellant.

*January 28—February 18, 1913.*

*Master and servant: Injury: Contributory negligence: Evidence: Questions for jury: Negligence of fellow-servant, when not a defense.*

1. While plaintiff was engaged with others in unloading salt from the hold of a vessel, a large bucket in which the salt was being hoisted became unlatched and discharged its contents upon him, injuring him. Upon the evidence—which did not show that he had any reason to apprehend such an accident, and tended to show, among other things, that he was doing his work in the customary manner and as directed, and that through negligence of the operator of the hoisting apparatus the bucket in question was elevated so rapidly that the hook to which the bail was attached was brought to a sudden stop with a hard bump when it reached the end of the boom or the

carriage, and the latch then became unfastened—it is *held* that plaintiff was not guilty of contributory negligence as a matter of law either in working in the hold underneath the bucket or in failing to see that the latch was securely fastened before he gave the signal for hoisting.

2. Negligence of the fellow-servant who operated the hoisting apparatus was not a defense in this case, under sec. 2394—1, Stats.

APPEAL from a judgment of the superior court of Douglas county: CHARLES SMITH, Judge.    *Affirmed.*

On September 5, 1911, plaintiff was injured while in the employ of the defendant, and this action is brought to recover damages for such injury.

The defendant operates a dock at Superior, and on the day of the accident the plaintiff was working with other employees of the defendant unloading salt from the hold of a boat by means of a hoisting apparatus and large iron buckets.    The buckets were lowered into the hold by cable and pulley from the end of a boom which projected out from the dock over the boat and about thirty feet above it.    When filled with salt the bucket was hoisted to the boom end and from there was taken by a carriage along the boom to the dock, where its contents were dumped automatically into receiving chutes.    A bucket had been filled and was being hoisted to the boom when it unlatched and discharged its contents into the hold of the boat and upon the plaintiff.

The complaint charged the defendant with liability by reason of the negligent handling of the hoisting apparatus, due to the carelessness and incompetency of its employee, and further alleged that the bucket was defective in construction and that defendant failed to warn the plaintiff of the dangers in connection therewith.    The answer put in issue all the material allegations of the complaint and alleged negligence and want of care on the part of the plaintiff or his fellow workmen and assumption of hazard by the plaintiff.    The jury returned a verdict in favor of the plaintiff and assessed

his damages at $1,400. The defendant appeals from a judgment entered on such verdict.

*W. P. Crawford,* for the appellant.

*Victor Linley,* for the respondent.

BARNES, J. The appellant contends that the court erred in refusing to award judgment in its favor because it should be said as a matter of law that the plaintiff was guilty of contributory negligence. It is urged that the undisputed evidence shows contributory negligence in two particulars: First, in working in the hold of the vessel while the bucket was being hoisted and immediately underneath such bucket, and, second, in failing to either securely fasten the latch connected with the bail of the bucket or to see that it was securely fastened before plaintiff gave the signal for hoisting. It is further said that the evidence fails to show negligence on the part of the defendant.

Neither contention in reference to contributory negligence is tenable, and no useful purpose would be served by setting forth in detail the evidence which warranted the court in submitting the case to the jury on this question. In reference to the first point raised, it is sufficient to say that there was evidence tending to show that the plaintiff was doing his work in the usual and customary manner and as directed, and that the apparatus used in hoisting was in good condition. There was no claim that plaintiff knew of any similar accident having happened before or that any such accident did happen at the dock in question in the process of unloading salt. Neither was there anything to show that plaintiff had any reason to apprehend that the cable would break or that the latch which was designed to prevent the bucket from tipping would or could become unfastened while the bucket was being hoisted.

In reference to the second point urged, there is no evidence tending to show that the latch was not properly put in place

before the hoisting signal was given. Appellant's claim is that the latch could not become unfastened in the manner testified to, and the fact that it did become unloosed can only be accounted for on the theory that it was not properly put in place before the signal to hoist was given. But we are unable to say that elevating the bucket so rapidly that the hook to which the bail was attached was brought to a sudden stop with a hard bump when it reached the end of the boom or the carriage would not produce the precise result which followed in this case.

There was plenty of evidence to warrant the jury in finding that the fellow-servant who operated the hoisting apparatus was negligent. The injury occurred after ch. 50, Laws of 1911 (secs. 2394—1 to 2394—31, Stats.), became effective. Defendant did not elect to come under the provisions of that law and it had at the time of the accident four employees engaged in common employment with the plaintiff. That act provides that in such a case it shall not be a defense in an action for personal injury that such injury was caused in whole or in part by the want of ordinary care on the part of a fellow-servant. Sec. 1 (sec. 2394—1, Stats.). We find no error in the record.

*By the Court.*—Judgment affirmed.